# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| **MAKETA S. JOLLY,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **No. 2:26-cv-00030-JAW** |
| | ) | |
| **JENNIFER B. COLIN and** | ) | |
| **VERMONT OFFICE OF** | ) | |
| **PROFESSIONAL REGULATION,** | ) | |
| | ) | |
| **Defendants** | ) | |

## RECOMMENDED DISMISSAL

In a largely inscrutable pro se complaint, Maketa S. Jolly makes several claims against the Vermont Office of Professional Regulation and its director Jennifer B. Colin. *See* ECF No. 1.

The obvious issue with Jolly's complaint is that she fails to allege any facts demonstrating that venue lies properly in the District of Maine. By all appearances, Jolly is suing a Vermont state agency and its employee for events that took place entirely outside of Maine. *See* 28 U.S.C. § 1391(b) (providing that a civil action generally may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred").

Under 28 U.S.C. § 1406(a), this Court "shall dismiss" a case filed in the wrong venue, unless it is in the interest of justice to transfer the case to a proper venue.

Because this case was filed in an obviously improper venue and there is no apparent reason to believe that an injustice would result from dismissal as opposed to transfer, I recommend that the Court **DISMISS** Jolly's complaint without prejudice for improper venue and **DEEM MOOT** any other pending motions. *See Johnson v. Christopher*, 233 F. App'x 852, 854 (10th Cir. 2007) (affirming the dismissal of a plaintiff's complaint pursuant to section 1406(a) where "the suit was filed in such an obviously improper venue" and there was "no reason to believe that an injustice [would] result from the dismissal as opposed to a transfer by, say, operation of a statute of limitations").

Jolly did not provide any contact information with her complaint, and the envelope it came in did not have a complete return address—indicating only that she is located in Coatesville, Pennsylvania. Although it was Jolly's responsibility to provide her contact information, the Clerk's Office shall attempt to notify her of this recommended dismissal by emailing her a copy at maketa.s.jolly@emeraldjustice.com and calling her at 610-515-5154, as that contact information was listed in her most recent appeal to the Third Circuit (No. 23-1966).

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

***Failure to file a timely objection shall constitute a waiver of the right
to <u>de novo</u> review by the District Court and to appeal the District Court's
order.***

Dated: January 21, 2026

<u>/s/ Karen Frink Wolf</u>
United States Magistrate Judge