UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| MAKETA S. JOLLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:26-cv-00030-JAW |
| | ) | |
| JENNIFER B. COLIN and | ) | |
| VERMONT OFFICE OF | ) | |
| PROFESSIONAL REGULATION, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER AFFIRMING RECOMMENDED DISMISSAL AND DENYING MOTION TO REASSIGN MAGISTRATE JUDGE

On January 16, 2026, Jane Doe, also known as Maketa S. Jolly, filed a complaint in this Court against Jennifer B. Colin and the Vermont Office of Professional Regulation, alleging that they engaged in a conspiracy to commit an offense against the United States. *Compl.* (ECF No. 1). On January 20, 2026, the Magistrate Judge denied Dr. Jolly's motion to seal and to proceed under a pseudonym. *Order* (ECF No. 5). On January 21, 2026, the Magistrate Judge recommended dismissal of her complaint. *Recommended Decision* (ECF No. 6). On March 2, 2026, Dr. Jolly filed a motion for recusal or reassignment of the Magistrate Judge and a memorandum of law in support of her due process, liberty interest, and equal employment opportunity claims. *Mot. to Reassign or Recuse Magistrate Judge* (ECF No. 8) (*Recusal Mot.*); *id.* Attach. 1, *Pl.'s Mem. of Law in Support of Cls. for Due Process, Liberty Interest, and Equal Employment Opportunity Violations* (*Pl.'s Mem.*).

First, regarding the motion for recusal of the Magistrate Judge, the Magistrate Judge has denied the motion for recusal on the ground that Dr. Jolly has "not identified any valid basis for [her] recusal." *Order Denying Mot. for Recusal* (ECF No. 9). In support of her motion for recusal, Dr. Jolly claimed that the Magistrate Judge's rulings created the appearance of partiality and raised reasonable concerns concerning her neutrality, *Recusal Mot.* at 2, but other than these blanket assertions, Dr. Jolly provides no other colorable basis. As the United States Supreme Court has written, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *United States v. Medoff*, 159 F.4th 107, 123 (1st Cir. 2025); *Olszewski v. Hutchins*, No. 1:24-cv-00209-JAW, 2026 U.S. Dist. LEXIS 15326, at *34 (D. Me. Jan. 28, 2026).

Dr. Jolly has not described why this general rule against recusal based on a judge's prior rulings should not apply here, and the Court reviewed the Magistrate Judge's orders in this case and concludes that there is nothing in those rulings that suggests any improper bias against Dr. Jolly. The Court's conclusion is buttressed by the Magistrate Judge's independent decision in response to Dr. Jolly's motion to recuse rejecting the motion. Given this background, this Court declines to assign another Magistrate Judge to this case due to Dr. Jolly's unsubstantiated claim that the current Magistrate Judge has exhibited a lack of impartiality.

Second, to the extent that Dr. Jolly wishes to object to the Magistrate Judge's recommended decision, her objection is too late. In her Recommended Decision dated January 21, 2026, the Magistrate Judge wrote in italicized, bold lettering:

> *A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 626(b)(1)(B) for which <u>de novo</u> review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.*

Dr. Jolly filed her objection to the January 21, 2026 Recommended Decision on March 2, 2026, well over a month after the Magistrate Judge issued the Recommended Decision. *Pl.'s Mem.* at 1-23.

Dr. Jolly failed to mention when she received the Recommended Decision, but the docket reflects the unusual difficulty the Clerk's Office experienced communicating with Dr. Jolly, because she refused to reveal her address. The Clerk's Office's mail to her was returned as undeliverable, and finally on February 11, 2026, the Magistrate Judge researched her potential address from the contents of another case filed in the Northern District of California and directed that the Recommended Decision be sent to her there. *Order* (ECF No. 7).

"A party's obligation to maintain a current address with a court does not rest with the court, the opposing party, or a third party. It rests solely with the party [her]self, in this case [Dr. Jolly]." *Ismail v. Robinson*, No. 2:22-cv-00150-JAW, 2024 U.S. Dist. LEXIS 31904, at *3 n.3 (D. Me. Feb. 26, 2024) (quoting *Boulier v. Penobscot Cnty. Jail*, No. 1:21-cv-00080-JAW, 2022 U.S. Dist. LEXIS 39708, at *10 (D. Me. Mar. 7, 2022)). In absence of evidence that Dr. Jolly's filings are timely, the Court concludes they are not, and her failure to file a timely objection constitutes a waiver of her right to do so.

Even if Dr. Jolly's objection to the Recommended Decision were considered timely, the Court affirms the Magistrate Judge's Recommended Decision on the merits. Dr. Jolly's complaint, which was filed with this Court on January 16, 2026, lists two defendants: (1) Jennifer B. Colin in her personal and professional capacity, and (2) Vermont Office of Professional Regulation. *Compl.* at 1. The complaint mentions Dr. Colin has an undefined affiliation with the Vermont Board of Nursing. *Id.* at 11-12. But, as the Magistrate Judge pointed out in her Recommended Decision, Dr. "Jolly is suing a Vermont state agency and its employee for events that took place entirely outside of Maine." *Recommended Decision* at 1. The Magistrate Judge properly determined that venue does not lie in the District of Maine and recommended the dismissal of Dr. Jolly's complaint. *Id.* at 1-2.

In response, Dr. Jolly submitted a lengthy memorandum, discussing Maine law in detail, but she failed to attempt to amend her complaint to include as defendants the state of Maine, a state of Maine agency, or anyone as a defendant who resides in Maine. *Pl.'s Mem.* at 1-23. Thus, Dr. Jolly is submitting this extended discussion about Maine law to support her case against a Vermont agency and a Vermont resident. Yet, there remain no factual allegations in her complaint that the state of Maine or anyone who resides in the state of Maine has anything to do with the facts alleged in her lawsuit.

In short, having performed a de novo review, the Court AFFIRMS the Magistrate Judge's Recommended Decision for the reasons set forth in her

5

Recommended Decision and set forth herein, and DISMISSES Maketa S. Jolly's complaint (ECF No. 1).

SO ORDERED.

<u>/s/ John A. Woodcock, Jr.</u>
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 12th day of March, 2026